BERSIE *et al.*, Respondents, *vs.* THE STEAMBOAT SHENANDOAH, Appellant.

1. Under the act concerning boats and vessels, (R. C. 1845,) there is no lien upon a steamboat for the use of a private wharf-boat placed at the St. Louis levee. This is not a demand for wharfage within the meaning of the act, when wharfage is still required to be paid to the city.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action *in rem* against a steamboat upon a demand for the use of a wharf-boat belonging to the plaintiffs, lying at the St. Louis levee. It was agreed in the court below that the wharf-boat lay alongside the public wharf, and was used by the defendant for three days, and that wharfage was paid to the city of St. Louis during that period. There was a judgment for the plaintiff.

*C. B. Lord,* for appellant.
*Blackburn & McLean,* for respondents.

RYLAND, Judge, delivered the opinion of the court.

The only question in this case, which we shall notice, refers to the demand and its nature, made by these plaintiffs of the defendant, the steamboat Shenandoah.

So far as it regards the right and authority of the plaintiffs to place their wharf-boat at the wharf, and charge for its use, that question is not noticed by this court.

Bersie *v.* Steamboat Shenandoah.

This cause of action, as the agreed case presents it to us, is not embraced among the demands against boats and vessels, as one of those which become liens on the boat.

It is not in the first class, for that embraces only wages due to hands or persons employed on such boat or vessel for work done or services rendered on board the same, except for wages due the master or clerk. It is not in the second class, for that embraces only debts contracted by the master, owner, agent or consignee of such boat or vessel, on account of stores or supplies furnished for the use thereof, or on account of labor done or materials furnished by mechanics, tradesmen or others, in the building, repairing, getting out, furnishing or equipping thereof. It is not in the third class, for that only embraces sums due for wharfage or anchorage of such boat or vessel within this state. It is not in the fourth class, for that embraces only demands or damages accruing from the non-performance of any contract of affreightment or of any mal-performance of any contract of affreightment, or of any contract of transportation of persons or property entered into by the master, owner, agent or consignee of such boat or vessel, and for damages for injuries done to persons or property by such boat or vessel.

Now, these four classes embrace all demands which, by our statute, are liens against the boat. This demand of the plaintiffs cannot be placed properly under either of these. The wharf-boat cannot pretend to charge wharfage, for that the agreed case shows was duly paid to the city authorities by the Shenandoah. The opinion of this court is, that the plaintiffs have no cause of action against the boat. Their claim is not classed among the specific liens against the boat. As this view of the subject settles the case, so far as the Shenandoah is concerned, we content ourselves by declaring the law against the present demand of the plaintiffs. The judgment of the court below is therefore reversed ; the other judges concurring.